■ MORTIMER J. WOLFORD, Respondent, v. IRENE W. HASKINS et al., Appellants, et al., Defendants.— Order and judgment (one paper) of Supreme Court, New York County, entered July 20, 1971, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs or disburse-

ments, to the extent of (a) reversing so much thereof as permits plaintiff to amend his complaint, by post-trial motion, to adjudicate a claim with respect to the shares of stock of 101 West 135th Street Corporation, (b) directing plaintiff to account for his management of the properties owned by Mortiren Realty Corporation, Mazol Realty Corporation, Walton Realty Corporation, Hasford Estates, Inc., and British Brokers, Ltd., and (c) deleting the final decretal paragraph thereof which awarded plaintiff costs and disbursements; and otherwise affirmed. The numerous issues raised hereon result from a bitterly contested dispute between a brother and sister (and her husband) over, *inter alia,* the ownership of shares of stock in several family corporations and funds in jointly-held bank accounts. The judgment appealed from, following a protracted trial, does substantial justice between the parties; and, except as herein modified, the determinations made therein are affirmed. Briefly stated, the individual defendants claimed plaintiff had gifted his stock in certain corporations to his sister pursuant to an arrangement whereby he would have a free hand with respect to the management of the corporate properties and the disposition of the rents collected therefrom, without any requirement that he account. Plaintiff denied this and sued to establish his legal interest in these corporations. One company, 101 West 135th Street Corporation, was not named in the original pleadings, which were served in 1962. Nevertheless, on the trial, some eight years later, evidence with respect to the shares of stock of said corporation was received in evidence. Although recognizing that ownership of these shares was not in issue, the Trial Justice permitted such evidence on the ground that it might have " some bearing on (the) overall family situation ". While we do not pass on the admissibility of the evidence, we do conclude that the granting of a post-trial motion to add the stock ownership of said corporation as an additional cause was improper. It appears that plaintiff knew, since 1962, that his sister claimed ownership to the stock of this corporation; and his failure to originally plead a cause of action with respect thereto should have resulted in a denial of his post-trial motion. As indicated above, the asserted consideration for the claimed gift of stock by plaintff was his exclusive right to the income from the corporate properties. Concededly, plaintiff never accounted to his sister for the income received. The Trial Justice held that no such gift was ever made. We agree. However, an accounting by plaintiff was not directed. Accordingly, the judgment should be corrected to require the same from 1950, when plaintiff obtained exclusive control of these corporations. With respect to the dispute over ownership of the funds in the joint bank accounts, it is undisputed that $1,961.56 of such deposits represents the amount of personal moneys deposited by Mrs. Haskins in excess of personal moneys deposited by plaintiff. The judgment, therefore, should reflect such difference in the division of the funds. Finally, under the circumstances here disclosed, we do not believe either party should be awarded costs against the other. Settle order on notice. Concur — McGivern, J. P., Markewich, Nunez, Murphy and McNally, JJ.